**Electronically Filed
Supreme Court
SCAD-11-0001058
17-JAN-2012
09:41 AM**

NO. SCAD-11-0001058

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

DENNIS D. NISHIMURA, Respondent.

---

ORIGINAL PROCEEDING
(ODC 05-138-8290)

ORDER ALLOWING RESIGNATION IN LIEU OF DISCIPLINE
(By: Recktenwald, C.J., Nakayama, Acoba, Duffy, and McKenna, JJ.)

Upon consideration of the Office of Disciplinary Counsel (ODC)'s "Petition for Order Granting Request of Dennis D. Nishimura to Resign From the Practice of Law in Lieu of Discipline" and the memorandum, affidavits, and exhibits in support thereof, it appears the Petition is supported by Respondent Nishimura's affidavit and the affidavit meets the requirements of Rule 2.14(a) of the Rules of the Supreme Court of the State of Hawai‘i (RSCH). In sum, Nishimura admits to failing to properly advance a client matter, failing to communicate with a client, depositing unearned client funds in a general business account, resulting in misappropriation of those funds, failing to maintain unearned deposits in a client trust account until earned, failing to return unearned client funds promptly upon request of a client, improperly negotiating with a client for the

client to withdraw an ODC complaint, arranging to have an individual in Nishimura's employ open a business account in the employee's name in order to facilitate Nishimura's efforts to hide assets from the State of Hawaii's Department of Taxation, failing to properly maintain and manage his client trust accounts; and providing inadequate cooperation to the ODC during its subsequent investigations into his actions, in violation of Rules 1.3, 1.4, 1.15(a)(1), 1.15(a)(2), 1.15(c), 1.15(d), 1.15(f)(3), 1.15(f)(4), 1.16(d), 3.2, 8.1(b), 8.3(d)(2)(ii), 8.4(a), 8.4(c), and 8.4(d) of the Hawaiʻi Rules of Professional Conduct. It further appears that Respondent Nishimura's behavior included multiple acts of misappropriation and that any reinstatement must be predicated upon full restitution of all misappropriated money. Therefore,

IT IS HEREBY ORDERED, pursuant to RSCH Rule 2.14, that the petition is granted and Respondent Dennis D. Nishimura's request to resign in lieu of discipline is granted.

IT IS FURTHER ORDERED the request to make this order effective February 28, 2012 is denied. This order is effective 30 days after entry, as provided by RSCH Rules 2.14(d) and 2.16(c).

IT IS FURTHER ORDERED that any reinstatement is conditioned upon proof that Respondent Nishimura has made full restitution of all misappropriated monies.

IT IS FINALLY ORDERED that (1) the Clerk shall remove Respondent Dennis D. Nishimura's name from the role of attorneys licensed to practice law in this jurisdiction and (2) within thirty (30) days after entry of this order, Respondent Nishimura shall submit to the Clerk of this court the original certificate

2

evidencing his license to practice law in this jurisdiction.

IT IS FINALLY ORDERED that (1) Respondent Nishimura shall comply with the requirements of RSCH Rule 2.16 and (2) the Disciplinary Board shall publish the notice of disbarment, as required by RSCH Rule 2.16(e), and provide notice to all judges of the State of Hawaiʻi, as required by RSCH Rule 2.16(f).

DATED:  Honolulu, Hawaiʻi, January 17, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna

